UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:25-CR-66-REW-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SHELIA CLEMONS, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 36 (Minute Entry), United States Magistrate Judge Hanly A. Ingram recommended that the undersigned accept Defendant Shelia Clemons's guilty plea and adjudge her guilty of the sole count of the Indictment (DE 12). *See* DE 37 (Recommendation); DE 35 (Plea Agreement). Judge Ingram expressly informed Clemons of her right to object to the recommendation and secure *de novo* review from the undersigned. *See* DE 37 at 2-3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate [judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal'" (quote brackets simplified) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996))); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection"

filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 37, **ACCEPTS** Clemons's guilty plea, and **ADJUDGES** Clemons guilty of Count 1 (the sole count) of the Indictment;

2. The Court will issue a separate sentencing order;

3. Judge Ingram permitted Clemons to remain on bond pending plea acceptance. *See* DE 36 at 2. The Court **ORDERS each side to make a filing** indicating its position on detention pending sentencing, including any analysis on mandatory detention under 18 U.S.C. § 3143(a)(2), by **March 12, 2026**. Each side may respond by **March 19, 2026**. The Court will then rule (or set a hearing, if apt) in the context of a full record.

This the 10th day of March, 2026.

Signed By:
*Robert E. Wier*  REW
United States District Judge